UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Timothy B. Ludwig and
Tammy S. Ludwig,

          Plaintiffs,

        v.

New York Central Mutual
Fire Insurance Company,

          Defendant.
_____

**Hon. Hugh B. Scott**

07CV237A

**Report
&
Recommendation**

  Before the Court are respective motions seeking the release of funds held in escrow (Docket No. 18 and 23).

  This action was initially commenced in New York state court by Timothy B. Ludwig and Tammy S. Ludwig (referred to collectively as the "Ludwigs"). The dispute revolves around whether New York Central Mutual ("NYCM") or Delphi Corporation ("Delphi") are entitled to monies held in an escrow account as an offset to benefit payments made to Ludwig. On March 13, 2007, NYCM obtained an Order to Show Cause in the state court seeking an order: (a) apportioning escrow funds between NYCM and Delphi; (b) directing the disbursement of the escrow monies; (c) determining how future SSD benefits should be allocated; and (d) directing Delphi to resume payment of benefits to Ludwig. (Docket No. 19 at ¶ 4). In removing the case to

federal court, Delphi asserted federal jurisdiction existed because the claims are alleged to arise under the Employee Retirement Income Security Act ("E.R.I.S.A."). (Docket No. 1 at ¶ 9).

Both Delphi and NYCM have filed motion seeking declaratory relief regarding their rights to the escrow funds. Although no objection has been filed by NYCM or Ludwig, it does not appear that this action was properly removed to federal court. Delphi was not a party to the state court action that was removed. A non-party has no authority to seek removal under the removal statutes. See 28 U.S.C. § 1441, 1446(a). Similarly, an individual that claims to be a real party in interest has no authority to seek removal. The statutes that provide authority to remove actions to federal court only allow for removal "by the defendant or defendants." Id.; Newman and Cahn v. Sharp, 388 F.Supp.2d 115 (E.D. N.Y. 2005) citing Geiger v. Arctco Enterprises, Inc., 910 F.Supp. 130, 131 (S.D.N.Y.1996) ("It is clear that the right of removal is vested exclusively in defendants."); Adams v. Adminastar Defense Services, Inc., 901 F.Supp. 78, 79 (D.Conn.1995) (only a defendant, who is by implication a party in state court, has standing to remove); Conway v. Delgado, 1992 WL 189428, *2 (D.D.C. 1992) (only defendants have standing to remove); Macaluso v. Mondadori Publishing Co., 527 F.Supp. 1017, 1018-19 (E.D.N.Y.1981) (remanding a case where neither of the named defendants joined in the petition for removal); Kane v. Republica De Cuba, 211 F.Supp. 855, 856-58 (D.P.R.1962) (a nonparty who has not formally intervened may not remove a case from state court).

It is recommended that the pending motions be denied without prejudice and that this case be remanded to the state court unless Delphi can demonstrate a proper basis of removal within 20 days of the date of this Order.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report &

Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y.  Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3)may**

**result in the District Court's refusal to consider the objection.**

     So Ordered.

                                                                  */s/ Hugh B. Scott*
                                                    United States Magistrate Judge
                                                    Western District of New York

Buffalo, New York
January 16, 2009